NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ELIZABETH J. WILLIAMS,          )
                                )
        Appellant,              )
                                )
v.                              )          Case No. 2D20-95
                                )
STATE OF FLORIDA,               )
                                )
        Appellee.               )
_____ )

Opinion filed September 23, 2020.

Appeal from the Circuit Court for
Hillsborough County; Christopher C.
Sabella, Judge.

Elizabeth J. Williams, pro se.


PER CURIAM.

Elizabeth J. Williams appeals the order denying her motion under Florida

Rule of Criminal Procedure 3.800(a) to correct her sentence.  We affirm without

comment the denial of her motion but remand for correction of a scrivener's error in the

amended judgment.

A jury found Williams guilty of one count each of second-degree murder

with a weapon (count one) and conspiracy to commit second-degree murder with a

weapon (count two).  The court sentenced her to concurrent terms of life imprisonment on the substantive count and fifteen years' imprisonment on the conspiracy count.

In her rule 3.800(a) motion, Williams argued that her life sentence for second-degree murder with a weapon is illegal because the offense was improperly reclassified from a first-degree felony punishable by life imprisonment to a life felony pursuant to section 775.087(1), Florida Statutes (2003).  In its response to the motion, the State conceded that Williams's conviction was "reclassified improperly" but maintained that her life sentence is nonetheless legal.  The postconviction court agreed with the State but directed the clerk of court to amend the judgment and sentence to reflect that Williams's conviction for second-degree murder with a weapon is a first-degree felony punishable by life imprisonment.

The amended judgment and sentence now correctly indicate that Williams's conviction on count one for second-degree murder with a weapon is a first-degree felony punishable by life imprisonment.  Inexplicably, however, the amended judgment now incorrectly indicates that Williams's conviction on count two is also for substantive second-degree murder with a weapon and is a life felony.  (The amended sentence reflects no change.)  The original judgment correctly indicated that Williams's conviction on count two is for conspiracy to commit second-degree murder with a weapon and is a second-degree felony.  As the amended judgment contains a clear scrivener's error, we affirm but remand for correction of the amended judgment with respect to count two.  See Herrera v. State, 276 So. 3d 60 (Fla. 2d DCA 2019).

Affirmed; remanded to correct scrivener's error.

NORTHCUTT, SILBERMAN, and ROTHSTEIN-YOUAKIM, JJ., Concur.